STEARNES v. THE STATE.

An indictment which charges the defendant with having kept a " gambling device for the purpose of gaming," is not a sufficient description of an offence under Article 412, Penal Code.

Appeal from Shelby. Tried below before Hon. A. W. O. Hicks.

*Moore & Walker*, for appellant.

*Attorney General*, for the State.

ROBERTS, J. The indictment charges the defendant with having "kept a gambling device for the purpose of gaming."

The question is, whether or not this is a sufficient description of an offence inhibited by Article 412 of the Penal Code :

"ART. 412. If any person shall keep or exhibit, for the purpose of gaming, any gaming table or bank of any name or description whatever, or any table or bank used for gaming which has no name, or shall be in any manner interested in keeping or exhibiting such table or bank, at any place whatever, he shall be fined not less than twenty-five dollars nor more than one hundred dollars."

In the very next Article the Legislature explains what sort of gaming is intended to be prohibited in this enactment, by saying that they intend to include every species of gaming device known by the name of table or bank of every kind whatever, &c. (See Art. 413.)

There are doubtless some species of gaming devices that are not known by the name of table or bank. Such are certainly not expressly included. We are not prepared to say that every possible gambling device, that is kept for gaming, is included. We may not know every possible species of such thing. The indictment does not follow the very plain directions of the Statute ; and the Court should not be required, in such a case, to sanction the use of other words than those thus specially prescribed, unless there could be great certainty that they were of the same import, or at least described some offence.

In Article 415 it is prescribed that in an indictment it "shall be sufficient to state that the person accused kept a table or bank for gaming, or exhibited a table or bank for gaming, without giving the name or description thereof, and without stating that the table or bank or gaming device was without any name, or that the name was unknown." There was no previous Article which made a gaming device (not known by the name of table or bank) a distinct offence. It could not

have been the object of this Article to create a new offence. Its entire object was to state what was necessary and what was unnecessary to be stated in an indictment under the enacting clause. (Art. 412.) It was used out of excessive caution, to prevent any misconstruction in a case where there might appear to be great incongruity in styling the gaming device to be a table or bank, and provided that notwithstanding that, it need not be stated that it had no name, (by which it could be known.) In the case of Crow v. The State, a construction was given to the same words nearly, to-wit : "gambling device," used in an enacting clause, but which had reference to a preceding clause as this did ; and it was there held that it must be restricted within the scope of the clause upon which it was dependent, and an indictment founded on these, sought to be maintained alone upon the force of these words, was decided to be defective after a confession of guilty upon it. (Crow v. The State, 6 Tex. R. 334 ; McElroy v. Carmichael, 6 Tex. R. 454.)

If the same construction be applied in this case, all difficulty vanishes. Judgment reversed.

Judgment reversed.