## E. L. DUNLAP v. THE STATE.

No. 1358.   Decided May 24, 1899.

**School Census—Refusal to Answer Questions as to Names and Age of Children—Information.**

An information, brought under provisions of article 289b, which denounces a punishment against a person refusing to answer on oath questions of the scholastic census-taker, as to the names and ages of his children, to be sufficient, must allege that the accused had children or was the guardian of children of scholastic age; that is, children between the age of 8 and 17 years.

APPEAL from the County Court of Victoria.   Tried below before Hon. J. L. DUPREE, County Judge.

Appeal from a conviction for refusing to answer questions as to names and ages of his children for scholastic census; penalty, a fine of $5.

There was a motion by defendant to quash the information upon the ground, among others, "that it does not set out the names of accused's children or allege that the same are within the scholastic age." This motion or exception was overruled.

*Sam B. Dabney* and *Proctors*, for appellant.

*Robt. A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted on an information charging him with refusing to answer under oath as to the names and ages of his children, under article 3964, Revised Statutes, and article 289b, Penal Code. Said article 3964 requires the school trustee to take a census of all the children in his school district between the ages of eight and seventeen years, etc., and return said list to the county superintendent by the first Monday in June of each year. It also empowers said trustee or trustees to administer oaths, and denounces a punishment against any person refusing to answer questions, as to the ages of their children, under oath, and it further requires the county superintendent by the first Monday in July to aggregate the whole number of children in the county, and make an abstract in duplicate, one to be filed with the county clerk, and the other to be forwarded to the State superintendent. Article 289b, Penal Code, seems to be taken from article 3964, and culls out, among other things, the punishment denounced against a person refusing to answer under oath questions in reference to the ages of his children. By the provisions of article 3964 the census to be taken of the school children applies only to those between the ages of eight and seventeen years, and to secure a proper census of such children the trustees are authorized to administer oaths to parents and guardians. Then it would follow, where a party is indicted or informed against for refusing to answer under oath in regard to the ages of his children, the indictment or information should allege that he had children, or was the guardian of children, of scholastic age,—that is, between eight and seventeen; for this is the oath required, and it is for this purpose the trustee is authorized to take the census. He can not take the census of children under eight or over seventeen years of age. The punishment against the party failing to answer under oath does not apply when the children are over seventeen and under eight years of age, but applies only to children of the scholastic age. Therefore the fact that he had children of the scholastic age is a necessary constituent element of this offense. In fact, without it there can be no offense. The information does not allege that the accused was a parent or guardian of children covered by the scholastic age, and it is therefore insufficient. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*