### DAVE KENNEDY v. THE STATE.

#### No. 5556. Decided December 17, 1919.

**1.—Pandering—Indictment—Rules of Pleading.**

Where the indictment for pandering, based upon the statute which makes it an offense to procure, attempt to procure, or be concerned in procuring a female inmate for a house of prostitution, failed to allege the acts or omissions of the defendant by which he is charged to have procured the female inmate, the same was insufficient.

**2.—Same—Rule Stated—Following Language of Statute—Pleading.**

The rule that it is enough that the indictment follows the language of the statute applies in those instances only in which the indictment is framed under a statute which defines the act or acts constituting the offense in a manner that will inform the accused of the nature of the charge against him; the test is that the pleading is in compliance with law prescribing the requisites of an indictment. Following: Johnson v. State, 42 Texas Crim. Rep., 102, and other cases. Overruling: McDowell v. State, 69 Texas Crim. Rep., 548; Baldwin v. Statte, 82 Texas Crim. Rep., 50 198 S. W. Rep., 305. Approving: Bryan v. State, 54 Texas Crim. Rep., 18, and other cases.

Appeal from the district Court of Potter. Tried below before the Hon. Henry S. Bishop, judge.

Appeal from a conviction of pandering; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Veale & Lumpkin,* for appellant.—On question of insufficiency of indictment: Branch Penal Code page 620 section 1101.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of indictment: Clark v. State, 76 Texas Crim. Rep., 348, 174 S. W. Rep., 354; Jones v. State, 72 Texas Crim. Rep., 496, 162 S. W. Rep., 1142.

MORROW, JUDGE.—The indictment contains several counts, the first, upon which the conviction was had, charged that "Dave Kennedy did then and there unlawfully and willfully attempt to procure, and did procure, and was concerned in procuring, Fannie

Doty, a female, as an inmate of and for a house of prostitution in a house and places in said county and state where prostitutes then and there restored for the purpose of plying their vocation as such prostitutes, and were so kept, as the said Dave Kennedy then and there well knew contrary to the statutes in such cases made and provided and against the peace and dignity of the State."

The sufficiency of this indictment was questioned in a motion to quash. The statute upon which it is founded makes it an offense to "procure, attempt to procure, or be concerned in procuring a female inmate for a house of prostitution." The complaint is that the "acts or omissions" of the appellant by which he is charged to have procured the female inmate are not disclosed by the pleading. To this the State answers that it is enough that the indictment followed the language of the statute. This rule applies in those instances only in which the indictment is framed under a statute which defines the act or acts constituting the offense in a manner that will inform the accused of the nature of the charge against him. The test is not that the indictment follows the statute, but that it is in compliance with the law prescribing the requisite of an indictment. An indictment under our statutes is "a written statement of the grand jury accusing a person therein named of some act or omission which by law is declared to be an offense," and "the offense must be set forth in plain and intelligible words." Texas Code Criminal Procedure, Articles 450 and 451. The bill of rights declares that one accused of crime "shall have the right to demand the nature and cause of the accusation against him, and have a copy thereof, and no person shall be held to answer for a criminal offense unless on indictment of the grand jury." Constitution, Art. 1, Sec. 10. The statute declaring the requisite of an indictment but confirms the law as it is contained in the Constitution. Hewitt v. State, 25 Texas, 722; Williams v. State, 12 Texas Crim. App., 399; State v. Duke, 42 Texas Crim. Rep., 462; Huntsman v. State, 12 Texas Crim. App. 636; Johnson v. State, 42 Texas Crim. Rep., 102; Vernon's Texas Crim. Statutes, vol. 2, p. 192; Harris's Texas Constitution, p. 86, note 41.

In Gray v. State, 7 Texas Crim. App., 13, it is said in substance that where following the language of the statute in charging the offense will fulfill the requirements of the indictment mentioned, the use of the language of the statute will be sufficient; but where the language of the statute alone would be insufficient to set out the offense in compliance with the rule, it is essential that averments be made showing the existence of the additional facts necessary to constitute the offense. The principle is reaffirmed in many cases. See Kerry v. State, 17 Texas Crim. App., 178, 50 American Rep., 122; Bryan v. State, 54 Texas Crim. Rep., 18; Huntsman v. State, 12 Texas Crim. App., 646; Dunlap v. State, 40 Texas Crim. Rep., 590; Hoskey v. State, 9 Texas Crim. App., 202; Bigby

v. State, 5 Texas Crim. App., 101; McAfee v. State, 38 Texas Crim. Rep., 124; Bishop's New Crim. Procedure, vol. 2, p. 487.

It is stated in Bishop's New Crim. Procedure, vol. 2, sec. 623, as follows: "The Doctrine is, that since the indictment on a statute must follow, besides the special rules which govern it, those also which govern other indictments, when the statutory words come short of this, other appropriate ones expanding it further must be added." The accused is entitled to a statement of the facts relied upon, and if these are not contained in the statute denouncing the offense they must be supplemented by the pleader drawing the indictment. The statement of a legal conclusion or result will not suffice. Wharton's Crim. Procedure, vol. 1, sec. 196; Strickland v. State, 19 Texas Crim. App., 519; Bryan v. State, 54 Texas Crim. Rep., 59; La-Grone v. State, 12 Texas Crim. App., 456.

There are numerous acts which might result in procuring a female inmate for a home of ill fame. They might be acts amounting to fraud, force, or persuasion. In the present instance, according to the theory of the State developed under the evidence, the female was procured by means of a contract or agreement under which she was to receive certain compensation. To charge procuring is but the conclusion of the pleader. It is not a statement in plain and intelligible language of the acts or omissions relied upon. One who wilfully "imputes" a want of chastity to a female commits the offense of slander, but the indictment which charges the language quoted from the statute is fatally defective in failing to set out the language charged to have been used by the accused. LaGrone v. State, 12 Texas Crim. App., 427.

"Disturbing religious worship" is an offense, but the indictment must describe the means used. Merely charging that the accused "disturbed" the congregation, while following the statute, does not comply with the law. Lockett v. State, 40 Texas, 4; Thompson v. State, 16 Texas Crim. App., 159.

So in the offense of bigamy—Bryan v. State, 54 Texas Crim. Rep., 59—and murder—Strickland v. State, 19 Texas Crim. App., 519—and in numerous other instances the necessity to do more than follow the statute is illustrated. See Wharton's Crim. Procedure, vol. 1, sec. 196 and notes.

Pertaining to a statute framed in substantially the same language as ours specific instances are furnished in which an indictment charging the offense of pandering in the language of the statute denouncing the offense have been condemned as insufficient, in failing to designate the acts of the accused instead of relying upon the conclusion that he procured the inmate, in Abrams v. State, 161 Pacific Rep., 332, and State v. Topham, 41 Utah, 39.

The case of McDowell v. State, 69 Texas Crim. Rep., 548, without discussing the reason, declares an indictment drawn in the language of the statute mentioned sufficient, and a similar ruling

was made in Baldwin v. State, 82 Texas Crim. Rep., 50, 198 S. W. Rep., 305, though in that case the language in which the motion to quash was couched seems to have controlled. It is on account of these cases that we have gone into some detail in reviewing the principles applicable to indictments.

Believing that the indictment in the present instance falls short of complying with the requisites of an indictment as defined in both the Constitution and the statute, and that to sustain it against a motion to quash would do violence to the rules followed by this court in the numerous cases cited above and uniformly followed in other jurisdictions, we deem it our duty to overrule the cases mentioned above which conflict with this conclusion. We think the motion to quash should have been sustained, and that the decisions of this court to the contrary are clearly wrong.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*