## S. E. Beles v. The State.

### No. 10882.    Delivered November 16, 1927.

1.—**Unlawfully Securing Poll Tax Receipt — Arrest of Judgment — Erroneously Overruled.**

Where an indictment brought under Art. 201 P. C. merely follows the language of that article, and does not aver any act of omission or commission specifically, is not sufficient, and appellant's motion in arrest of judgment should have been sustained.

2.—**Same—Continued.**

Where the use of the language of the statute alone is insufficient to set out the offense in compliance with the rule, that the offense must be set forth in plain and intelligible language, it is essential that averments be made showing the existence of the additional facts necessary to constitute the offense. See Kennedy v. State, 216 S. W. 1086.

**3.—Same—Continued.**

To charge, under Art. 210 P. C. that appellant unlawfully and knowingly became an agent for the purpose of obtaining a poll tax receipt, is but a conclusion of the pleader and cannot be said to be a statement in plain and intelligible language of the acts or omissions relied upon. Distinguishing Johnson v. State, 177 S. W. 490.

Appeal from the County Court at Law of El Paso County. Tried below before the Hon. J. M. Deaver, Judge.

Appeal from a conviction for unlawfully becoming an agent for the purpose of obtaining a poll tax receipt, penalty a fine of one dollar.

The opinion states the case.

*Fryer & Cunningham* of El Paso, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—Appellant was convicted in the County Court of El Paso County of the offense of unlawfully becoming an agent for the purpose of obtaining a poll tax receipt, and a fine of one dollar assessed against him.

The indictment upon which the conviction was had charged that—

"S. E. Beles did then and there unlawfully and knowingly become the agent of Candelaria Sierra for the purpose of obtaining the receipt for the said Candelaria Sierra, for poll tax for the State of Texas, and County of El Paso, due by said Candelaria Sierra to the said state and county for the year A. D. 1925, against the peace and dignity of the state."

The sufficiency of this indictment was questioned in a motion in arrest of judgment. Art. 201 P. C., upon which the indictment is founded, provides:

"Whoever knowingly becomes agent to obtain a poll tax receipt or certificate of exemption except as provided by law * * * shall be fined not exceeding five hundred dollars."

Art. 2961 R. S., 1925, provides:

"If the taxpayer does not reside in a city of ten thousand inhabitants or more, his poll tax must either be paid by him in person or by someone duly authorized by him in writing to pay the same, and to furnish the collector the information necessary to fill out the blanks in the poll tax receipt. Such authority or information must be signed by the party who owes the poll tax, and must be deposited with the tax collector and filed and preserved by him."

Art. 2962, R. S. 1925, provides:

"In all cases where the taxpayer resides in a city of ten thousand inhabitants or more, the tax must be paid in person by the taxpayer entitled to the receipt, except as provided by this article. If a person residing in a city of ten thousand inhabitants who is subject to pay a poll tax intends to leave the precinct of his residence before the first day of October with the intention not to return until after the first day of the following February, and does not return before that time, he shall be entitled to vote, if possessing all other legal qualifications, by paying his poll tax or obtaining his certificate of exemption through an agent authorized by him in writing, which shall state truly his intention to depart from the precinct, the expected period of his absence, and every fact necessary to enable the tax collector to fill the blanks in his receipt. Such authority, in fact, must be sworn to by the citizen, and certified to by some officer authorized to administer oaths. It shall be deposited with the tax collector and kept in his office."

Appellant's complaint is that the indictment is substantially defective in that the facts and circumstances which "constitute the offense of unlawfully becoming the agent of Candelaria Sierra for the purpose of obtaining her poll tax receipt are not set forth in the indictment, but only the generic term of unlawfully becoming the agent of Candelaria Sierra for the purpose of obtaining her poll tax receipt is used;" and, in that the indictment "does not allege in plain and intelligible words the particular act or thing done which warranted the conclusion that defendant unlawfully and knowingly became the agent of Candelaria Sierra." We are constrained to hold that appellant's motion in arrest of judgment should have been granted.

It is not enough that the indictment follows the language of the statute in this case. Arts. 2961 and 2962, supra, provide the procedure for becoming the agent to obtain a poll tax receipt or certificate of exemption for another. Art. 201, supra, merely denounces as an offense the act of knowingly becoming an agent to obtain a poll tax receipt or certificate of exemption, except as provided by law. It is thus seen that a violation of the provisions of Art. 201, supra, would necessarily include acts or omissions described either in Arts. 2961, supra, or 2962, supra. There may be numerous acts which might result in unlawfully becoming an agent to obtain a poll tax receipt. For illustration, the agent might secure his authority to pay the poll tax in compliance with the provisions of Art. 2961, supra, when the provisions of Art. 2962, supra, were applicable. In

the present case, the state's testimony showed that appellant prepared two instruments in writing purporting to have been executed by his principal and that two poll tax receipts were issued thereon, but that only one instrument had been executed by the witness Candelaria Sierra. If the state relied upon the alleged forgery of one of the instruments to secure a conviction, it is readily apparent from an inspection of the indictment that appellant was not apprised of such fact. In short, a statement of the facts relied upon is not contained in the indictment.

Where the use of the language of the statute alone is insufficient to set out the offense, in compliance with the rule that the offense must be set forth in plain and intelligible language, it is essential that averments be made showing the existence of the additional facts necessary to constitute the offense. Kennedy v. State, 216 S. W. 1086. We quote from the Kennedy case as follows:

The accused is entitled to a statement of the facts relied upon, and if these are not contained in the statute denouncing the offense, they must be supplemented by the pleader drawing the indictment. The statement of a legal conclusion or result will not suffice."

Article 1, Section 10, of the Constitution of Texas provides that one accused of crime "shall have the right to demand the nature and cause of the accusation against him, and have a copy thereof. * * *"

Articles 395 and 396 C. C. P. define an indictment as "the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an offense," and require that the offense be set forth in plain and intelligible words. To charge that appellant unlawfully and knowingly became an agent for the purpose of obtaining a poll tax receipt is but a conclusion of the pleader, and cannot be said to be a statement in plain and intelligible language of the acts or omissions relied upon. It follows that appellant was not accorded the right "to demand the nature and cause of the accusation against him and to have a copy thereof."

We are not unaware of the holding of the court in the case of Johnson v. State, 177 S. W. 490. The decision in that case, however, is not in point here. The indictment was attacked in the Johnson case as being duplicitous in that it charged in the same count both a misdemeanor and a felony. The court declared the indictment to be duplicitous. The question presented in the instant case, as to the sufficiency of the indict-

ment, was not before the court in the Johnson case, and the decision is not authority for the proposition that an indictment founded upon Art. 201 P. C. is sufficient if the language of the statute is followed.

The judgment of the trial court is reversed, and the prosecution dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.