# APRIL 26, 1933

FRANK ARCHEY V. THE STATE.

No. 15349.   Delivered March 1, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 406.

The opinion states the case.

*Wayne Somerville*, of Wichita Falls, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—This conviction is under article 1339a, P. C., chapter 167, Acts of the Regular Session of the 42d Legislature; punishment assesed at a fine of $200.00 and 30 days in jail.

The charging part of the count in the information upon which the jury convicted, omitting the formal parts, reads as follows: "* * * did then and there unlawfully open a stinking offensive substance in the Gem Theatre in Wichita Falls, Wichita County, Texas, with a malicious intent wrongfully to injure the business of A. A. McIlhearn."

Appellant contends that the act of the legislature under which the conviction was obtained is invalid as being violative of section 35, article 3, of our Constitution. This section is as follows: "No bill (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be ex-

pressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The contention of the appellant is that the caption to said act is insufficient to cover section two of such article, which makes it unlawful for a person to have in his possession stink bombs, etc. The caption reads as follows: "An Act to prohibit the use, manufacture, sale, and other disposition of stink bombs and stinking, offensive smelling or injurious bombs or substances as herein defined for the purpose of injuring, molesting, or coercing another, or for the injuring of property of another as provided herein; providing exceptions; prescribing offenses and penalties; and declaring an emergency."

The prosecution in this case is based under section 1 of said Act, which provides that: "It shall be unlawful to break, open, or explode, or to abet in the breaking, opening, or exploding of any stink bomb or any stinking, offensive smelling, or injurious bomb or substance with a malicious intent wrongfully to injure, molest or coerce another, or to injure the property or business of another, or to molest another in the use, management, conduct or control of his business or property."

As we understand appellant's contention, there is no contention that the caption to said bill is insufficient to cover section 1 of said act but is insufficient to cover section 2 of said act. As said in Joliff v. State, 53 Texas Crim. Rep., 61: "It has been held uniformly in this state that a liberal construction will be applied to an act of the Legislature in determining whether or not it violates this section of our Constitution." Even if it should be conceded that there may be some doubt as to whether certain provisions in section 2 of said act are included within the title of the act in question, upon which we are expressing no opinion, it is, however, unnecessary to decide this question. The act upon which the prosecution is predicated is denounced as an offense in section 1. The definition contained in the section last mentioned is covered by the caption of the act. Hence, if it should be held that section 2 of said act is not germane or fairly embraced within the title of the act, it is easily separable from the other matters and things named in the title and its inclusion would not have the effect of voiding the subject properly embraced in the first section. See Ex parte Abrams, 56 Texas Crim. Rep., 465; also Joliff v. State, supra.

It will be noted that sections 3 and 4 of the act make provisions for excepting peace officers, physicians, nurses and pharmaceutics, and other persons licensed under the laws of this state from the provisions of the statute. The information,

did not allege that the appellant is not within the excepted classes. Appellant attacks the information in his motion to quash for the want of such an allegation. The exceptions are not a part of the definition of the offense but are in a distinct section of said act. We quote from Branch's Ann. P. C., sec. 510: "When the exceptions to the operation of a penal statute are in a distinct article or section from the one defining the offense and are not a part of the definition of the offense nor descriptive of it, and the exception is not the gist of the offense, it is not necessary to negative such exceptions." Milling v. State, 150 S. W., 435; Newman v. State, 58 Texas Crim. Rep., 223, 124 S. W., 956.

Appellant also moved to quash the information because it was too general, indefinite, and insufficient to put the appellant on notice as to what he was charged with. The information followed the language of the statute. We think the language of section 1 of said article is itself completely descriptive of the offense, and it is well established that where the language of the statute is itself completely descriptive of the offense, the indictment will be sufficient if it follows the language of the statute and expressly charges the described offense committed by defendant.

Bill of exception No. 5 complains that while the appellant was on the witness stand testifying in his own behalf, the state, over his objection, required him to testify that when he was at the police station on the 14th, a day or two before the offense was alleged to have been committed, that he told them his name was John Franklin and he took a car the police had picked up and which belonged to John Franklin out of the possession of the police, to which the appellant objected on the ground that it was inflammatory, irrelevant, and prejudicial to the rights of the defendant, which objection was overruled by the court.

The facts in evidence showed that one McIlhearn operated the Gem Theatre in Wichita Falls. On the night of the alleged offense appellant was identified as being seated in the theatre. There was no one near him for three rows in front or back of him. After noticing the appellant sitting there, the state's witness Buster Scott testified that he smelled an odor and at the time the appellant was coming back toward the door. The witness ran down to where appellant had been sitting and found a bottle sitting there with some strong stinking liquid in it. About half of it was spilled on the floor. At the time he first saw the bottle, the witness did not pick it up but ran out in front and saw the appellant standing out there between two

cars, and he pointed him out to the manager and told him to follow the appellant and watch him. The manager, A. A. McIlhearn, testified positively that the appellant was the man pointed out to him by the witness Buster Scott and he followed him for about 20 minutes and during that time he got several good looks at him. After he had followed him for about 20 minutes, an automobile came along. The witness got the number of the car, and he then watched the appellant until he got in the rumble seat of the car and left. The evidence further showed that the car, the number of which the witness McIlhearn had taken and in which he saw the appellant drive off, had been found by a police a few days prior to that time sitting on the street and had been taken to the police station, and thereafter the police had turned the car over to the appellant, when he stated to them that his name was John Franklin, which said car had been registered in the name of John Franklin.

The evidence complained of was on cross-examination of the appellant and was material testimony going to the identity of the appellant as being the person whom the witness McIlhearn had seen getting into said car on the night of the alleged offense. The bill is also qualified by the court to the effect that the witness R. D. Morris testified without objection by appellant that the appellant came to the police station and received the car in question and gave the name of John Franklin, and the appellant cross-examined said R. D. Morris on this point. No reversible error is shown by this bill.

By bill of exception No. 2 appellant complains of the fact that while the witness Buster Scott was testifying in behalf of the state on direct examination, said witness was permitted to testify in answer to questions propounded to him that a certain bottle introduced in evidence, together with its contents, was the same bottle and had the same odor which said witness smelt on the night in question in the Gem Theatre; that immediately, thereafter the state introduced said bottle and said contents in evidence and handed same to the jury and permitted them to smell of same, to which action appellant objected for the reason that such action on the part of the state was prejudicial and injurious to the rights of the appellant and was in fact making witnesses of the jurors as to said smells being offensive or inoffensive, pleasant or unpleasant, and made of said jurors witnesses and experts by submitting to them directly matters which did not come to them from the witness stand.

Bill of exception No. 3 complains of the court, over the appellant's objection, permitting the witness Buster Scott,

while testifying in behalf of the state, being asked the question as to whether or not said container contained an offensive sub-stance and permitting the said witness, over the objection of the appellant, to answer in the presence of the jury that it was offensive.

While it was improper for the court to permit the state's attorney to pass around to the members of the jury the con-tainer, which was found and identified as being one containing the obnoxious smelling stuff and have them smell it, we do not believe that it constituted reversible error under the issues in-volved in this case. There was no contention on the part of the appellant that the contents of said container was not of an offensive substance. Whether or not the substance in the bottle was offensive to the smell was not a contested issue in the case, the appellant's defense being solely that of an alibi. If the in-formation gotten by the jury from smelling the contents of the bottle found in the theatre could be appropriated by them to any controverted question, the conviction would be jeopardized; but no proof was offered at any time of the fact that the jury were influenced thereby or relied upon their own judgment in determining the question. The fact that the jury was per-mitted to smell the contents of the bottle, while useless and improper as stated above, could not be regarded as harmful under the circumstances. No witness was introduced who as-serted or claimed in any way that the contents of the bottle was not of an offensive stinking substance. The witness P. W. Mitchell testified without any objection that he was in the theatre on the night the alleged offense was committed and he smelled something in there that had an awful offensive stink-ing odor. Under all the facts and circumstances, we do not believe the matters complained of by appellant constituted re-versible error. See Reid v. State, 100 Texas Crim. Rep., 512; Lerma v. State, 194 S. W., 167; Cook v. State, 258 S. W., 1058.

We are unable to reach the conclusion that the evidence is insufficient to support the conviction.

Being unable to agree that any of the contentions made by appellant call for reversal of this case, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing,

appellant, through his counsel, refers the court to various decisions and makes an interesting argument in support of his contention that the pleading, that is, the complaint and information, does not sufficiently describe the offense. The phase of the information upon which the conviction rests reads as follows: "Frank Archey * * * did then and there unlawfully open a stinking offensive substance in the Gem Theatre in the City of Wichita Falls, Wichita County, Texas, with a malicious intent wrongfully to injure the business of A. A. McIlhearn."

. Appellant contends that the failure to designate the substance by name or to aver that the substance was unknown, vitiates the pleading. We are unable to bring ourselves in accord with that view. Ordinarily, but not in every case, a pleading is sufficient which describes the offense in the language of the statute. An exception arises when the language ˙of the statute alone would not be sufficient to set out the offense in compliance with the law. Additional averments are then required. See Kennedy v. State, 86 Texas Crim. Rep., 450. It is thought that the present matter does not come within the exception mentioned.

The motion for rehearing is overruled.

*Overruled.*