E. F. CONKLIN v. THE STATE.

No. 22095. Delivered May 20, 1942.
Rehearing Denied June 17, 1942.

344

The opinion states the case.

*H. J. Bernard* and *Kenneth Aynesworth,* both of Houston, for appellant.

*Dan W. Jackson,* Criminal District Attorney, *Thomas M. Ryan,* and *O'Brien Stevens,* Assistant Criminal District Attorneys, all of Houston, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a conviction for keeping and exhibiting a device for the purpose of gaming, as denounced by Art.

619, P. C.; the punishment, confinement in the State penitentiary for a term of two years.

The charging part of the indictment upon which the conviction was predicated reads as follows: "that E. F. Conklin, *onor* about the 12th day of March, A. D., 1941, in said County and State, did directly and through his agent, H. E. Rigby, unlawfully keep and exhibit a device for the purpose of gaming."

Appellant, by a motion to quash, challenged the sufficiency of the indictment to charge any offense, asserting that it was vague and indefinite in failing to name or to describe the device which it was alleged was kept and exhibited for the purpose mentioned.

Art. 619, P. C., makes it unlawful, among other things, to "keep or exhibit for the purpose of gaming, any — — — — device of any name or description whatever, — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —."

It will be noted that the allegation of the indictment follows the language of the statute.

The test, therefore, is whether the use of the word "device" is, of and within itself, sufficiently descriptive to charge the offense.

In reaching a solution of this question, it is necessary to note, first, the provisions of two statutes which refer to, and bear directly upon, the construction to be given Art. 619, P. C., and offenses denounced thereby.

Art. 621, P. C., sets forth, by name, certain games which are included within the meaning of Art. 619, P. C., and concludes with this pertinent language:

"— — — — — — — — — — — — — — — — — — —; but the enumeration of these games shall not exclude any other properly within the meaning of the two preceding articles."

This statute has effect in, and applies to, prosecutions under Art. 619, P. C., where the charge is that a game or games is or are kept or exhibited for the purpose of gaming, and is restricted thereto. Being so restricted, it does not apply or control where the charge is that a device is kept or exhibited, unless such device be a game. That a game may be a device is not to be disputed. But, it cannot be said that all devices are games. The two terms, that is, "device" and "game," are not synonymous.

Art. 622, P. C., relative to sufficiency of allegations of an indictment for prosecutions under Art. 619, P. C., provides, among other things, that, where it is charged that a table or bank is kept or exhibited for the purpose of gaming, it is unnecessary that they be described further in the indictment. Said article being restricted to a table or bank, it cannot be construed to include a device as distinguished from a table or bank. Such was the effect of the holding in Stearnes v. State, 21 Texas 705.

It is thus made to appear that neither Art. 621, P. C., nor Art. 622, P. C., aids the validity or sufficiency of the allegations of the instant indictment as against the criticism of indefiniteness leveled thereto.

In its final analysis, therefore, the sufficiency of the indictment in the instant case stands or falls on the fact that the allegation followed the language of the statute.

While ordinarily an indictment that alleges the offense in the language of the statute is sufficient, yet there exists a well-defined exception to this rule, which is stated in Branch's Annot. P. C., Sec. 494, P. 255, as follows:

"It is not always sufficient to follow the language of the statute. There are cases that require greater particularity, either from the obvious intention of the Legislature or from the application of known principles of law."

See also: Gray v. State, 7 Tex. App. 10; Kennedy v. State, 216 S. W. 1086, 86 Tex. Cr. R. 450; Archey v. State, 59 S. W. (2d) 406, 123 Tex. Cr. R. 458; Beles v. State, 299 S. W. 899, 108 Tex. Cr. R. 214; Stanford v. State, 268 S. W. 161, 99 Tex. Cr. R. 111; Parker v. State, 114 S. W. (2d) 906, 134 Tex. Cr. R. 138; Monroe v. State, 157 S. W. (2d) 648.

It would serve no useful purpose to here attempt to set forth the various definitions or meanings that could or might be given the word "device." It is sufficient to say that it has no fixed, definite, or certain meaning or application as used in Art. 619, P. C. Such being true, the conclusion is reached that the indictment was subject to the criticism leveled, and that the motion to quash should have been sustained.

From what we have said, it follows that the judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON STATE'S MOTION FOR REHEARING.

KRUEGER, Judge.

The State has filed a motion for a rehearing in this case in which it requests a reconsideration of appellant's motion to quash the indictment on the ground that the same was returned by an illegal grand jury. This matter was not discussed by us in the original opinion. The record shows that appellant filed two motions to quash the indictment. The first consisted of specific exceptions to each count thereof, and when the trial court overruled it, then he filed a second motion to quash based on the fact that the indictment was returned by an illegal grand jury. In our disposition of the case originally, we discussed only the court's action relating to the first motion, and since we felt constrained to sustain appellant's contention based on his first motion, we did not deem it necessary to enter upon a discussion of his second motion. However, under the case of Conklin v. State, No. 22,096, decided May 27, 1942, but not yet reported, (Page 210 of this volume) the State's motion is granted and appellant's second motion to quash is also sustained, and the order originally made by this court is re-affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.