The STATE of Texas, Appellant,

v.

George MOFF, Appellee.

No. 13–01–671–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Jan. 30, 2003.
Rehearing Overruled March 6, 2003.
Discretionary Review Granted
June 11, 2003.

Carlos Valdez, Nueces County District Attorney, Douglas K. Norman, Asst. District Attorney, Corpus Christi, for appellant.

Mike Hummell, White, Huseman & Pletcher, Corpus Christi, for appellee.

## OPINION

Opinion by Chief Justice ROGELIO VALDEZ.

The State of Texas appeals from the trial court's order quashing the indictment against George Moff for misapplication of fiduciary property. Through one point of error the State argues the trial court abused its discretion by quashing said in-

dictment which adequately charged all elements of the offense and omitted only evidentiary matters that the State is not required to plead. We reverse and remand.

### Facts & Procedural Background

On May 17, 2001, the grand jury for Nueces County, Texas, returned an indictment against Moff, the chief appraiser of the Nueces County Appraisal District for twenty years. The indictment charged Moff with the offense of misapplication of fiduciary property and read in pertinent part:

[O]n or about and between January 1, 1993 and December 31, 1999, George Moff did then and there intentionally, knowingly, and recklessly misapply property, to wit: money and credit cards, for the value of $20,000.00 or more but less than $100,000.00, that the said defendant held as a fiduciary in a manner that involved substantial risk of loss to the Nueces County Appraisal District, the owner of said property, and the person for whose benefit the property was held, by using said money and credit cards to make purchases without the effective authorization of the Nueces County Appraisal District Board of Directors.

On May 23, 2001, Moff moved to quash the indictment on the ground that it failed to specify which purchases were made without the authorization of the Appraisal District Board. The trial court signed an order on September 11, 2001, quashing the indictment and ordering the State to "refile its indictment to assert, with specificity, which purchases are alleged to be unauthorized."

### Analysis

In its sole issue, the State asserts the trial court abused its discretion in granting Moff's motion to quash the indictment.

■ We review a trial court's ruling on a motion to quash an indictment for an abuse of discretion. *Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim.App.1980). A charging instrument must convey sufficient notice to allow the accused to prepare his defense. TEX.CODE CRIM. PROC. ANN. art. 21.03 (Vernon 1989 & Supp.2002) (indictment requirements); *State v. Mays*, 967 S.W.2d 404, 406 (Tex.Crim.App.1998). The Texas Code of Criminal Procedure provides that the "certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." TEX.CODE CRIM. PROC. ANN. art. 21.04 (Vernon 1989 & Supp 2002).

■ As a general rule, an indictment tracking the language of the statute will satisfy constitutional and statutory requirements; the State need not allege facts that are merely evidentiary in nature. *Mays*, 967 S.W.2d at 406. Moreover, when a term is defined in the statute, it need not be further alleged in the indictment. *Id.* at 408. A motion to quash an indictment will be granted if the facts essential to giving notice have been omitted, but the indictment need not plead evidence relied on by the State. *Thomas*, 621 S.W.2d at 161.

■ In this case the indictment tracked the terms of the penal statute specifying the offense of misapplication of fiduciary property, which provides:

A person commits an offense if he intentionally, knowingly, or recklessly misapplies property he holds as a fiduciary or property of a financial institution in a manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held.

TEX. PEN.CODE ANN. § 32.45(b) (Vernon Supp.2002). The State was required to allege, and did allege that the appellee

intentionally, knowingly, or recklessly misapplied property that he held as a fiduciary in a manner that involved substantial risk of loss to the owner. *Id.* Which specific purchases were alleged to have been authorized is evidentiary in nature; therefore the State was not required to allege further details in the indictment. *See Phillips v. State,* 597 S.W.2d 929, 932 (Tex. Crim.App.1980) (facts were not required in indictment to show basis of defendant's "intent to violate and abuse" the complainants because such information was evidentiary).

The dissent relies upon *Swabado v. State,* 597 S.W.2d 361 (Tex.Crim.App. 1980); and *Amaya v. State,* 551 S.W.2d 385 (Tex.Crim.App.1977) for his assertion that the State was required to plead more. Neither of these cases, however, deal with the cause of action presented before us today[2]. A more appropriate case for comparison is *Romine v. State,* 722 S.W.2d 494, 501 (Tex.App.-Houston [14th Dist.] 1986, pet. ref'd), an appeal in which the defendant was charged with misapplication of fiduciary property. In *Romine,* the defendant made a similar argument, arguing that the indictment must describe, with specificity the agreement under which he misapplied property in a fiduciary capacity. *Id.* at 501. Rejecting that analysis, the Fourteenth Court of Appeals held that "[c]learly, 'the agreement', was the agreement by which appellant obtained the money as a fiduciary." *Id.* That court further opined that requiring the state to describe the specifics of that agreement would require the state to plead its evidence, "which of course, is not required." *Id.* Following the analysis set forth in *Romine,* we hold that requiring the State to plead precisely which purchases were

made would mandate that the state "plead its evidence." *Id.*

We hold the trial court erred in requiring the State to "refile its indictment to assert, with specificity, which purchases are alleged to be unauthorized". We hold this was error because such a requirement would mandate the State to include further allegations in the indictment which would be merely evidentiary in nature. *Mays,* 967 S.W.2d at 406, ("[s]ubject to rare exceptions, an indictment tracking the language of the statute will satisfy constitutional and statutory requirements; the State need not allege facts that are merely evidentiary in nature"); *see Kline v. State,* 737 S.W.2d 895, 898 (Tex.App.-Houston [1st Dist.] 1987, pet. ref'd) (misapplication of fiduciary property case in which appeals court held there was no need for State to plead nature of agreement under which appellant held property). We further recognize the indictment issued by the State tracked the language of the statute. Accordingly, we find the trial court abused its discretion in granting the motion to quash.

## Conclusion

We sustain the State's sole point of error. We reverse the trial court's order granting the motion to quash and remand for further proceedings.

Justice DORSEY dissenting, joined by Justices YAÑEZ and CASTILLO.

Dissenting Opinion by Justice DORSEY (Retired).

The majority holds that the trial court abused its discretion in quashing the indictment and ordering the State to "refile its indictment to assert, with specificity, which purchases are alleged to be unautho-

---

**2.** In *Swabado,* the defendant was charged with tampering with a government record and in *Amaya,* the accused was charged with obtaining welfare payments by means of a willfully false statement. *Swabado,* 597 S.W.2d 361; *Amaya,* 551 S.W.2d 385.

rized." I disagree for two reasons. First, the court misapplies the "abuse of discretion" test, although correctly stating it; and second, the language of the indictment alleging George Moff's conduct is so vague and indefinite that it denies him effective notice of the acts he allegedly committed, *see Bynum v. State,* 767 S.W.2d 769, 778 (Tex.Crim.App.1989); *Thomas v. State,* 621 S.W.2d 158, 163 (Tex.Crim.App.1981). Although the language of the indictment tracts the language of the statute, and by doing such is presumptively sufficient, that is not to say that any indictment doing such is sufficient as a matter of law and may not be ordered clarified by the trial court. The majority is wrong in reversing the trial court. I respectfully dissent.

## I. Standard of Review

We apply an abuse-of-discretion standard when we review a trial court's ruling on a motion to quash. *Thomas,* 621 S.W.2d at 163; *State v. Abdallah,* 64 S.W.3d 175, 176 (Tex.App.-Fort Worth 2001, no pet.). An abuse of discretion occurs when a trial court's decision is so clearly wrong that it lies outside that zone within which reasonable persons might disagree, *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990), and when the trial court's acts are arbitrary and unreasonable without reference to any guiding rules or principles. *Id.* at 380.

## II. Lack of Notice

Moff contends that the indictment is insufficient for failure to allege which purchases the State claimed were illegal. Our constitution guarantees an accused the right to demand the nature and cause of the action against him. Tex. Const. art. I, § 10. The charging instrument must convey sufficient notice to allow the accused to prepare a defense. *State v. Mays,* 967 S.W.2d 404, 406 (Tex.Crim.App.1998); *Adams v. State,* 707 S.W.2d 900, 901 (Tex. Crim.App.1986). The Texas Code of Criminal Procedure contains several precepts which are important to the sufficiency of an indictment. Article 21.02(7) requires that "[t]he offense ... be set forth in plain and intelligible words." Tex.Code Crim. Proc. Ann. art. 21.02(7) (Vernon 1989 & Supp.2002). Article 21.03, provides that "[e]verything should be stated in an indictment which is necessary to be proved." *Id.* art. 21.03. Article 21.04 states that: "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." *Id.* art. 21.04. Article 21.11 states that:

An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment....

*Id.* art. 21.11. Finally, article 21.15 states:

Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

*Id.,* art. 21.15. Here, the indictment alleged that Moff acted "recklessly". Accordingly, this indictment in order to be sufficient must allege, with reasonable cer-

tainty, the act or acts relied upon to constitute recklessness. *Id.*

To determine whether an indictment provides adequate notice we look at the indictment as a whole, from the defendant's perspective. *Jeffers v. State,* 646 S.W.2d 185, 187 (Tex.Crim.App.1981) (court reviews indictment from defendant's perspective); *Gorman v. State,* 634 S.W.2d 681, 682 (Tex.Crim.App.1982) (court considers indictment from the defendant's perspective.); *Drumm v. State,* 560 S.W.2d 944, 946 (Tex.Crim.App.1977) (we examine "the criminal accusation from the perspective of the accused...."). We cannot presume that Moff knew with what offense he was charged; rather, we must inquire about whether the face of the indictment sets forth in plain and intelligible language sufficient information to enable him to prepare his defense. *Haecker v. State,* 571 S.W.2d 920, 921 (Tex.Crim.App.1978).

The majority correctly states that an indictment is legally sufficient if it tracks the words of the penal statute in question. *Daniels v. State,* 754 S.W.2d 214, 218 (Tex. Crim.App.1988); *Thomas,* 621 S.W.2d at 161; *Haecker,* 571 S.W.2d at 921. However, this rule does not mean that a trial court abuses its discretion by requiring additional notice when it believes that more notice is needed so that the accused can adequately prepare a defense. The rule stated in *Daniels,* Thomas, Haecker, and other cases applies only when the indictment is framed under a statute which defines the act constituting the offense in a manner that will inform the accused of the nature of the charge. *Haecker,* 571 S.W.2d at 921. As the court of criminal appeals pointed out in *Conklin v. State,* 144 Tex.Crim. 343, 162 S.W.2d 973, 975 (1942), "It is not always sufficient to follow the language of the statute. There are cases that require greater particularity, either from the obvious intention of the Legislature or from the application of known principles of law." I believe that

the *Conklin* court was referring to a case like the one before us.

The holdings in *Swabado v. State,* 597 S.W.2d 361 (Tex.Crim.App.1980), *Lindsay v. State,* 588 S.W.2d 570 (Tex.Crim.App. 1979), and *Amaya v. State,* 551 S.W.2d 385 (Tex.Crim.App.1977) are helpful in resolving the present case. In *Swabado,* the defendant was charged with tampering with a government record (a monthly staffing report) and filed a motion to quash the indictment, contending it was vague and ambiguous. *Swabado,* 597 S.W.2d at 361–63. The trial court denied the motion. The court of criminal appeals held the trial court erred in denying the motion because the indictment failed to identify which monthly staffing report the State was relying on to prosecute her. *Id.* at 364. The defendant, a nursing home administrator for several years prior to the indictment, routinely prepared and filed government records. *Id.* at 363. Thus, the statutory language was insufficient to provide the defendant with notice of the offense for which she was charged. *Id.*

The *Lindsay* court held an indictment alleging conspiracy to commit capital murder to be insufficient and that the accused was entitled to know the *specific acts* constituting the basis of her agreement to "engage in conduct that would constitute [conspiracy]." *Lindsay,* 588 S.W.2d at 572. (emphasis added).

In *Amaya,* the court of criminal appeals held that an information alleging welfare fraud was defective because it failed to allege which statement made to the Department of Public Welfare was false. The defendant was required to make many statements to the department and was entitled, upon proper exception, to know which false statement or statements the State would rely upon for conviction. *Amaya,* 551 S.W.2d at 387. The court of criminal appeals held that the trial court

should have sustained the defendant's exception to the information. *Id.*

Here the indictment alleged, in part, that:

> [O]n or about and between January 1, 1993 and December 31, 1999, George Moff did then and there intentionally, knowingly, and recklessly misapply property, to wit: money and credit cards fo [sic] the value of $20,000.00 or more but less than $100,000.00, that the said defendant held as a fiduciary in a manner that involved substantial risk of loss to the Nueces County Appraisal District, the owner of said property, and the person for whose benefit the property was held by using said money and credit cards to make purchases without the effective authorization of the Nueces County Appraisal District Board of Directors. . . .

The indictment alleges that the illegal purchases occurred "on or about and between January 1, 1993 and December 31, 1999." Moff is in a similar situation as the defendant in *Swabado,* who routinely prepared and filed government records During the time period alleged in the indictment, Moff, in his capacity as Chief Appraiser of the Nueces County Appraisal District, predictably used money and credit cards to make numerous purchases of equipment and supplies. Looking at the indictment from his perspective, the indictment does not allege which specific acts; *i.e.,* which purchases on what dates led to a reckless misapplication of money and credit cards. *See* TEX.CODE CRIM. PROC. ANN. art. 21.15 (Vernon 1989). Accordingly, the face of the indictment does not say how Moff used money and credit cards to make purchases without the effective authorization of the Nueces County Appraisal District Board of Directors. The purchases which the State claims were illegal are essential to give notice so that Moff can prepare a defense. The indictment should contain these allegations so that they are not left to Moff's speculation. Thus the indictment is insufficient because it does not charge the commission of the offense in ordinary and concise language in such a manner that enables Moff to know what is meant, and with that degree of certainty that will give him notice of the particular offense with which he is charged. *See* TEX.CODE CRIM. PROC. ANN. art. 21.11 (Vernon 1989); *Swabado,* 597 S.W.2d at 363; *Lindsay,* 588 S.W.2d at 572; *Amaya,* 551 S.W.2d at 387.

We must keep in mind that the law presumes a defendant's innocence. This presumption, in turn, mandates that the State present the accused with an indictment from which he may fully ascertain the matters charged. *Slayton v. State,* 633 S.W.2d 934, 936 (Tex.App.-Fort Worth 1982, no pet.).

### III. CONCLUSION

By holding that the trial court abused its discretion in quashing the indictment, the majority necessarily finds that the trial court's decision was so clearly wrong that it lies outside that zone within which reasonable persons might disagree, *Montgomery,* 810 S.W.2d at 391, and that it acted arbitrarily and unreasonably without reference to any guiding rules or principles. *Id.* at 380. A trial court, however, has a certain amount of discretion to decide whether a charging instrument provides adequate notice to an accused.

Based on all of the foregoing, I would hold that the trial court did not abuse its discretion in granting the motion to quash. I would affirm the trial court's order quashing the indictment.

Justices YAÑEZ and CASTILLO join in the dissent.