## BILL DENMAN V. THE STATE.

### No. 3619. Decided June 16, 1915.

#### 1.—Soliciting and Procuring—Sexual Intercourse—Accomplice.

Where, upon trial of procuring and soliciting for illicit sexual intercourse, the only State's witness was the female with whom the illicit sexual intercourse was alleged to have been had, which the defendant denied, held that said State's witness was an accomplice, and defendant could not be convicted on her uncorroborated testimony; the evidence showing that the soliciting and procuring occurred in pursuance of her request.

#### 2.—Same—Accomplice.

See opinion for discussion of the question of accomplice where the prosecuting witness initiates the crime. Following Bush v. State, 68 Texas Crim. Rep., 299, and other cases.

Appeal from the County Court at Law of Harris. Tried below before the Hon. C. C. Wren.

Appeal from a conviction of unlawfully soliciting and procuring a female for illicit intercourse; penalty a fine of one hundred dollars and one month confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

C. C. McDonald, Assistant Attorney General, and *John H. Crooker*, District Attorney, and *E. T. Branch*, for the State.—Cited Dowd v. State, 148 S. W. Rep., 304; Richards v. State, 63 Texas Crim. Rep., 176; Sanders v. State, 60 id., 34.

On question of accomplice: Liegois v. State, 164 S. W. Rep., 882.

DAVIDSON, Judge.—The information charges that appellant "then and there did unlawfully invite, solicit, procure and allure Grace Johnston, then and there a female, to visit and be at a particular place, towit:

at a room in a place known as the Capitol Hotel in the City of Houston there situate, for the purpose of having unlawful sexual intercourse with a male person, and to then and there take part and participate in immoral conduct with men and women."

Grace Johnston testified that she induced appellant to make dates for her with men to have sexual intercourse, and in pursuance of her request he made a date with a man and she had sexual intercourse with him. It is unnecessary to go into a detailed statement of the facts. The above is the substance of the case. The testimony for the State is made out alone on her evidence. Appellant testified directly the opposite to what she did and stated that he never made any dates for Grace Johnston to meet any man at any time in the hotel. That she had requested him to do so, but he refused, and, among other things, stated because Mr. Rodgers, the proprietor, did not permit such things; that he had never seen any men and women come into a room in the hotel that had no business there. So we have the question fairly and squarely put by the State and met by the defendant. The question is whether or not under the testimony of Grace Johnston she would be an accomplice. The statute, article 498, Revised Penal Code, provides that:

"It shall be unlawful for any person to invite, solicit, procure, allure or use any means for the purpose of alluring or procuring any female to visit and be at any particular house, room or place for the purpose of meeting and having unlawful sexual intercourse with any male person, or to take part, or in any way participate in any immoral conduct with men or women, or to use at such place any intoxicating liquors, or to give any person the name and address, or either, or photograph of any female for the purpose of enabling the person to whom such name, address or photograph of such female is given and furnished, to meet and have unlawful sexual intercourse, or to bring about or procure such unlawful sexual intercourse with such female by any other person."

The question at issue is, whether or not under the terms of this statute Grace Johnston would be an accomplice. If appellant had originated the matter and had approached Grace Johnston for the purpose of making a date, and she had subsequently accepted or employed him, we would have a different question presented. But the State's evidence shows that Grace Johnston went to appellant and asked him to make dates or procure men to visit her room, and that he did so for which she paid him one dollar for each man brought to her room or she carried to his room. She originated the crime or series of crimes, inducing appellant to conform with her wishes. While this would not relieve appellant of criminality, still under the terms of this statute we are of the opinion that she would be an accomplice. There is to be noted a marked distinction between the initiation of this matter by her and the initiation of it by the defendant. If Grace Johnston could be convicted under the terms of this statute, clearly she would be an accom-

plice. To relieve her of that position in the case, it would have to be asserted and maintained as the law, that she would not be guilty of any criminal act under our statutory laws. If she could not be criminal in any way, then the proposition to the mind of the writer would be correct, that she would not be an accomplice. These matters have been discussed from different standpoints by the different decisions. In the case of a suicide, for instance, a suicide is not punishable under our law, therefore it has been held that the party who furnishes the means by which the suicide is committed, he not being present and acting in the taking of the medicine or inflicting of the wounds that bring about death, would not be an accomplice and could not be punished for the reason that the suicide who takes his or her own life has committed no crime. That is, in order to convict an accomplice there must be a principal, and, of course, all principals are subject to punishment. The distinction, however, was kept up in those cases, that if the party furnishing the means was present and aided the suicide in taking the medicine, or was himself inflicting the injury, etc., although with the consent of the suicide, yet he would be guilty not as an accomplice but as a principal, because he was doing the act that brought about the death and was present at the time and place. The distinction was also kept up and the question adjudicated in that line of cases to be found in Dever v. State, 37 Texas Crim. Rep., 396, and in Bush v. State, 68 Texas Crim. Rep., 299. It was held in both cases and in the authorities cited supporting the decisions, that where a party initiated a crime, although an officer, that he would be an accomplice, that he could not avail himself of his official capacity to induce men to commit a crime and yet shield himself from the lawful consequences of the criminal act. The line there was clearly drawn as to officers who become connected with the subsequent crime as a detective and those cases where the officer assisted in initiating or originating the crime. In one he connected himself after some of the acts had been performed, not to aid in the crime but to gather testimony or put himself in position where he could assist in enforcing the law. In the first instance, however, where he initiated it he became criminal himself because he brings about a crime and can not shield himself from punishment or the consequences of his criminal act. We are of the opinion the woman Grace Johnston is an accomplice under the line of reasoning above mentioned. This is the question to be decided in the case, and believing as we do that she is an accomplice, will reverse the judgment, and it is accordingly ordered to be reversed and remanded.

*Reversed and remanded.*