HARRISON HAMMONDS v. THE STATE.

No. 8603.    Delivered May 20, 1925.

Pandering—Indictment—Insufficient.

An indictment charging the offense of pandering, is not sufficient if it only follows the language of the statute, It must set out the facts, showing how the offense was committed by the defendant. Following Kennedy v. State, 216 S. W. 1086, which discusses the question at length.

Appeal from the District Court of Callahan County.    Tried below before the Hon. J. R. Black, Special Judge.

Appeal from a conviction for pandering; penalty, five years in the penitentiary.

The opinion states the case.

*Ben L. Russell, W. J. Cunningham,* and *J. F. Cunningham,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the district court of Callahan County for pandering; punishment, five years in the penitentiary.

In our view of the case we notice but one contention. The indictment contained a number of counts, the State electing to prosecute under the first, which is as follows: "In the County and State aforesaid Harrison Hammonds did, then and there, unlawfully procure and was concerned in procuring with her consent, a female inmate, to-wit: Anna Erwin, for a house of prostitution." Appellant made a motion to quash on the ground that the indictment charged no offense against the laws of the State. The indictment follows the language of the statute. This was held not to be sufficient in

Kennedy v. State, 216 S. W. Rep. 1086, which discusses the question at length. We see no reason for disagreeing with the holding in that case. An examination of the instant indictment will show that it sets out no facts showing how the offense was committed by appellant. It does not set out as much as did the indictment in the Kennedy case, supra.

For the failure of the indictment to charge an offense, the judgment must be reversed and the case ordered dismissed.

*Dismissed.*