MARY PENDERGRAFT V. THE STATE.

No. 10925.   Delivered June 22, 1927.

**1.—Pandering—Indictment—Held Insufficient.**

Where an indictment charging pandering fails to aver that appellant, by abuse of her position of authority over such female, procured, etc., and which is silent as to what means such procuring was had, same is insufficient.   See Clark v. State, 75 Tex. Crim. Rep. 348, and Kelly v. State, reported in this volume.

**2.—Same—Continued.**

It is not necessary for the indictment to more specifically describe or designate the house that appellant procured the female to become an inmate in, than that it was a house of prostitution.

**3.—Same—Impeaching Defendant—Held Proper.**

Where appellant had testified as a witness in her own behalf, it was proper for the state to prove by her that she had been convicted of theft, such offense involving moral turpitude.

**4.—Same—Election by State—Not Necessary.**

Where, on a trial for pandering, the testimony disclosed that appellant controlled several houses, and suggested that each of said houses was used for the purpose of prostitution, it was not incumbent upon the state to elect as among said houses which they would claim as the one that Opal Prince was procured to be an inmate of.

Appeal from the District Court of Bexar County.    Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction for pandering, penalty five years in the penitentiary.

The opinion states the case.

*Clifford M. Forster* of San Antonio, for appellant.

*C. M. Chambers,* District Attorney; *Lamar Seeligson,* Assistant District Attorney of Bexar County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

On pandering, as a continuous offense, the state cites:    Clark v. State, 174 S. W. 354; Parker v. State, 200 S. W. 1083; Hewitt v. State, 167 S. W. 40; Currington v. State, 161 S. W. 478.

LATTIMORE, JUDGE.—Conviction of pandering, punishment five years in the penitentiary.

The third count in the indictment on which conviction was had, charges that "Mary Pendergraft did then and there hold a position of authority over one Opal Prince, a female person, and did then and there unlawfully abuse such position of authority and did then and there unlawfully procure said Opal Prince to become an inmate of a house of prostitution."    Motion was made to quash the indictment because same did not set forth the acts and omissions of the accused by which, if any, she procured Opal Prince to become an inmate of a house of prostitution.    In Kennedy v. State, 86 Tex. Crim. Rep. 450, it is held that an indictment for pandering is not sufficient which merely charges in general terms that the accused "procured," etc.    This case has been followed since.    Such allegation gives to the accused, who is presumed under the law to be innocent until his guilt is established beyond a reasonable doubt, no information as to what acts or omissions the state will rely upon in its effort to prove him guilty.    In Kelly v. State, No. 10697, opinion June 1, 1927, we held it sufficient to state in the indictment that the accused procured the female to become such inmate "by duress of goods,"

that being one of the specific means set out in Art. 519 of our Penal Code defining pandering. Another specific means set out in said statute is "by abuse of any position of confidence or authority." We think an indictment charging that the accused held a position of confidence, or that charged that she held a position of authority over such female; and which further alleges that "*By* abuse of such position of confidence," or "*By* abuse of such position of authority," procured, etc., would be sufficient. Clark v. State, 76 Tex. Crim. Rep. 348. The indictment in this case wholly fails to allege that the female was procured *by* abuse of any position of authority held by appellant over such female. The indictment goes no further than to allege that appellant held such position of authority over Opal Prince, and that appellant abused same, and that she procured Opal Prince to become an inmate of a house of prostitution. It is entirely silent as to how or by what means such procuring was had. The indictment is no more specific than that held bad in the Kennedy case, supra. The motion should have been sustained. It is to be regretted; the record reveals much revolting depravity and willingness to make merchandise of the body of said Opal Prince, who was a young girl under the age of consent.

We do not think it necessary for the indictment to specify which house or place is meant by the allegation therein that appellant procured Opal Prince to be an inmate of a house of prostitution.

Appellant, a witness in her own behalf, was asked if she had not been convicted of theft. This was permissible. Theft is an offense involving moral turpitude. The testimony was admissible as affecting the credibility of appellant as a witness in her own case.

The testimony showing that appellant controlled several houses, and suggesting that each of said houses was used for the purpose of prostitution, does not make it incumbent upon the state to elect as among said houses which they would claim as the one whose inmate Opal Prince was procured to be. None of the other bills of exception manifest error.

For the failure of the court to sustain the motion to quash upon the ground set forth, the judgment must be reversed and the prosecution dismissed, and it is so ordered.

*Reversed and dismissed.*