JOHN D. MILLER v. THE STATE.

No. 11035.   Delivered October 5, 1927.

**Pandering—Female Not an Accomplice.**

The offense of pandering is completed when an attempt is made to procure a female to become an inmate of a house of prostitution, and the fact that she consents does not make her an accomplice. See Deathrage v. State, 237 S. W. 1111; Denman v. State, 178 S. W. 332.

Appeal from the District Court of Collin County.   Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for pandering, penalty five years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*J. E. Abernathy*, County Attorney; *W. C. Dowdy*, Assistant County Attorney of Collin County; *Sam D. Stinson*, State's

Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is pandering, the punishment confinement in the penitentiary for five years.

It is appellant's contention that the evidence is insufficient to sustain a conviction because the state's witness, Onie Paris, is an accomplice, and is uncorroborated. The state's witness, Onie Paris, testified, in substance, that she and her husband, Cecil Paris, were on the sidewalk in the town of Farmersville, when appellant drove up and called her husband out to the car, where they had a conversation which she could not hear. According to her testimony, after talking to her husband, appellant requested her to go to Dallas for the purpose of having sexual intercourse with men, stating that it would not cost her anything and that he had a room for her in a house in Dallas which was occupied by three other women who were engaged in the same occupation. Appellant told her that he was to receive one-third of the amount she earned and that she and her husband were to retain two-thirds thereof. The witness refused to go that night but agreed to go the next day. The witness further testified that she had only one conversation with appellant that night. Testifying in his own behalf, appellant denied that he had any conversation with the witness, Onie Paris, but stated that her husband, Cecil Paris, requested him to take him (Cecil Paris) and his wife, Onie Paris, to Dallas, which he refused to do. Appellant denied that he and Cecil Paris agreed to place Onie Paris in a house of prostitution. The witness Cecil Paris, who was jointly indicted with appellant, testified that on the occasion in question appellant asked him to go to Dallas and take his wife, Onie Paris, in order that she might ply the trade of prostitute, to the end that appellant might receive one-third of the proceeds.

Art. 519, P. C., denounces as an offense an attempt to procure a female inmate for a house of prostitution. The offense is complete when the solicitation is made and the fact that the female consents does not make her an accomplice. Denman v. State, 179 S. W. 120. It is not shown by the record that the witness, Onie Paris, originated the crimial enterprise, or that she in any manner engineered or procured the solicitation extended to her to become an inmate of a house of prostitution. The witness, therefore, is not shown to be an accomplice. Deatherage v. State, 237 S. W. 1111; Denman v. State, 178 S. W. 332.

The legal question involved above is presented by several bills of exception, a discussion of which in detail is deemed unnecessary.

Believing that the appellant has been accorded a fair and impartial trial and that the facts are sufficient to sustain a conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.