CARL NEWTON v. THE STATE.

No. 16852. Delivered June 13, 1934.

The opinion states the case.

*J. Meek Hawkins,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of pandering, and his punishment assessed at confinement in the State penitentiary for a term of five years.

The testimony adduced by the State, briefly stated, is as follows: On or about the 1st day of April, 1933, the appellant met one Era Bryan, a girl 17 years of age, at a dance in the city of Houston. On the following night he accompanied her to a dance at the same place. After having associated with her for a period of approximately three weeks, he the appellant, suggested marriage to her and told her that he would like to marry her but he did not have any money, and therefore could not marry her at that time. He then asked her to go to a hotel and make some money so that they could go to San Antonio and get married. He told her that he wanted her to make dates with men and get the money and that in pursuance of such an understanding the said Era Bryan went with the appellant to the Adams hotel where he made arrangements with one of the negro porters to advise men of Era's purpose at the hotel, to all of which the porter agreed. She made arrangements at the hotel for a room and remained there about a week during which time she met men and engaged in immoral acts for a money consideration. Part of the money which she made in that manner she gave to the negro porter for his services and part of it she turned over to the appellant who visited her daily while she was at the hotel. The porter testified that the appellant came to the Adams hotel and advised him of his purpose in coming and made arrangements with him, the said porter, to procure men for Era and that Era paid him for his services part of the money she made. The appel-

lant testified in his own behalf and denied that he induced Era to go to said hotel for the purpose of engaging in immoral acts or illicit sexual intercourse with men and denied that he had ever promised to marry her.

The State relied alone upon the testimony of Era Bryan and that of the negro porter at the Adams hotel for a conviction. Era Bryan and the negro porter were accomplices, as this court has many times held, and the State was required to corroborate their testimony by facts or circumstances tending to connect the appellant with the offense charged, and in the absence of any corroboration of the accomplices the conviction cannot stand. The appellant seriously contends that the testimony is wholly insufficient to warrant a conviction. We have carefully read the statement of facts but fail to find any fact or circumstance which tends to corroborate the accomplice witnesses. See Muse v. State, 94 Texas Crim. Rep., 71; Kelley v. State, 107 Texas Crim. Rep., 254. We are therefore constrained to hold that the evidence is insufficient to warrant the conviction.

In view of the disposition we have made of this case it is unnecessary to discuss any of the other matters complained of.

By reason of the insufficiency of the evidence to justify the conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.