## PABLO PORTER V. THE STATE

No. 21389. Delivered January 29, 1941.
Rehearing Denied March 12, 1941.
Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) March 26, 1941.

418

The opinion states the case.

*Walter L. Johnston* and *Sherwood Brown, Jr.*, both of Galveston (*King C. Haynie,* of Houston, of counsel on appeal only), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was indicted jointly with J. R. Kelly on a charge of pandering. The trial was separate, and the judge assessed a penalty of twelve years in the penitentiary. The indictment contained two counts, the first of which charged the offense based on the allegation that Muriel Shields was forced to remain as an inmate in a house of prostitution and by threats and fraud and duress forced to ply the occupation of a prostitute. The second count alleges that appellant and Kelly, "did then and there unlawfully procure a female inmate, towit Muriel Shields for a house of prostitution * * *." In sub-

mitting the case to the jury the court instructed them that the State elected to prosecute under the second count.

A full statement of the facts of the case is not necessary to a decision of the issues presented on the appeal. The one bill of exception complains of the admission in evidence of the testimony of the witness Muriel Shields of a conversation between appellant's co-conspirator Kelly and the clerk of the hotel in the City of Galveston in which the clerk quoted appellant in certain matters. The objection was that the testimony was hearsay and made in the absence of appellant. This objection was unquestionably good; even though they were charged as conspirators. The clerk would have been in position to have given the testimony as to the conversation had he been called as a witness, but the prosecuting witness in the case was not. The objection should have been sustained.

However, this evidence was introduced on the first charge in the indictment and when the state later elected to stand on the second count of the indictment no motion was made by the defense to have the court then withdraw it as evidence. Inasmuch as it was not pertinent to any issue on the second count of the indictment, and took place after completion of the offense there charged, and in view of the fact that it is not inflammatory or in any way harmful to the appellant on the consideration of the charge for which he was convicted, the error would appear to be harmless and does not call for a reversal of this case.

The conviction in the second count of the indictment is wholly upon the evidence of Muriel Shields. The evidence is not fully corroborated by any other testimony or circumstance. The defendant requested a charge to the jury for a determination of the question as to whether or not she was an accomplice witness. If the evidence raises that issue the charge should have been given, and the failure to do so is reversible error.

Appellant presents a line of decisions to sustain the contention that she was shown to be an accomplice. In the State's brief it is submitted that there are two lines of authorities on the subject, one of which holds that she is not and the other indicating that she is. The state of the record calls for a distinguishment to be made between these two lines of authorities which we believe to be clear, but about which some confusion has arisen.

In Denman v. State, 178 S. W. 332, Judge Davidson says:

"The question at issue is whether or not, under the terms

of this statute, Grace Johnston would be an accomplice. *If appellant had originated the matter, and had approached Grace Johnston for the purpose of making a date, and she had subsequently accepted or employed him, we would have a different question presented.* But the state's evidence shows that Grace Johnston went to appellant and asked him to make dates or procure men to visit her room, and that he did so, for which she paid him $1 for each man brought to her room, or she carried to his room. She originated the crime, or series of crimes, inducing appellant to conform with her wishes. While this would not relieve appellant of criminality, still under the terms of this statute we are of the opinion she would be an accomplice. *There is to be noted a marked distinction between the initiation of this matter by her and the initiation of it by the defendant.* If Grace Johnston could be convicted under the terms of this statute, clearly she would be an accomplice. To relieve her of that position in the case, it would have to be asserted, and maintained as the law, that she would not be guilty of any criminal act under our statutory laws. If she could not be criminal in any way, then the proposition to the mind of the writer would be correct, that she would not be an accomplice." (Italics ours).

This is followed in a number of decisions clearly laying down the proposition that the offense is committed when the solicitation is made, whether the female involved agrees to the proposed transaction or not. Other violations of the law may follow as a consequence of the negotiation and other offenses may be carved out of it, but it is not held that the evidence in other and subsequent matters would relate back to and make the witness a party to the crime so that she may be convicted for the offense of pandering as reasoned by Judge Davidson.

In Deatherage v. State, 237 S. W. 1111, Judge Lattimore says:

"*We are of opinion that, unless it was shown that she herself originated the criminal enterprise and in some manner engineered or procured the solicitation extended to her to partake of the alleged intercourse, she would not be shown to be an accomplice.*" (Italics ours).

In Miller v. State, 298 S. W. 593, Judge Christian summarizes this line of authorities in the following language:

"Article 519, P. C., denounces as an offense an attempt to procure a female inmate for a house of prostitution. The of-

fense is complete when the solicitation is made and the fact that the female consents does not make her an accomplice. Denman v. State, 77 Texas Cr. R. 395, 179 S. W. 120. *It is not shown by the record that the witness Onie Paris originated the criminal enterprise, or that she in any manner engineered or procured the solicitation extended to her to become an inmate of a house of prostitution. The witness, therefore, is not shown to be an accomplice. Deatherage v. State, 91 Texas Cr. R. 181, 237 S. W. 1111;* Denman v. State, 77 Texas Cr. R. 256, 178 S. W. 332." (Italics ours).

In Muse v. State, 249 S. W. 861, Judge Morrow held the witness to be an accomplice. The facts of the case are not discussed and it will be presumed that they were in line with those authorities holding the witness to be an accomplice on the theory that they were engaged in the origin of the transaction.

In Kelley v. State, 296 S. W. 531, in an opinion on motion for rehearing by Judge Morrow, the witness was held to be an accomplice because she voluntarily went to the place of appellant, approached him in the matter and was an actor from the origin of the enterprise, and on that basis was held to be an accomplice.

The cases discussed by appellant in his brief are likewise distinguishable from the Miller case and those preceding it for the reasons therein given.

Newton v. State, 72 S. W. (2d) 1089, apparently justifies the confusion to which it contributes. It will be noted, however, that in that case reliance is had on the Muse case and on the Kelley case, neither of which, under their facts, could be authority for appellant's contention in the case before us, nor do we think they sustain the conclusion in the Newton case as the facts appear in that opinion. Insofar as the Newton case may be construed, to hold a female person an accomplice because she had been solicited by another party and thereafter yields to this solicitation and joins in the unholy enterprise, and, if it does so hold, it will be understood that it is hereby overruled. The doctrine as laid down in the Miller case and those preceding it is followed under the facts of the instant case on the ground that there is no evidence authorizing the submission of an issue to the jury as to whether or not Muriel Shields was an accomplice witness. There is nothing to indicate that she originated the enterprise. She was approached in her hotel by ap-

pellant, who was introduced by Kelley. Her testimony on the subject is not denied by either of them or by anyone.

In the absence of a state of facts showing that she originated the transaction, there is nothing to involve her in the charge laid in the indictment. She could not have been charged and convicted of the crime for which appellant received sentence, and she is therefore not a party making her an accomplice witness.

No error appearing in the case requiring a reversal, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

KRUEGER, Judge.

Appellant, in his motion for rehearing, again asserts his contention that the trial court erred in not instructing the jury that Muriel Shields was an accomplice. We said in our original opinion that the evidence showed conclusively that appellant originated the enterprise and not Muriel Shields, and that therefore, she was not an accomplice, citing a number of cases supporting the doctrine announced and overruling any and all decisions apparently to the contrary. See Jones v. State, 162 S. W. 1142; Miller v. State, 298 S. W. 593; Deatherage v. State, 237 S. W. 1111; Smith v. State, 164 S. W. 825, and many others.

Appellant re-urges his complaint to the testimony of Muriel Shields relative to the conversation which took place between Kelley and the clerk of the New Terminal Hotel operated by appellant after she and Kelley had spent the night together at the same, which conversation was in substance as follows:

"Mr. Kelley asked the clerk if Mr. Porter had left any instructions for him, to which the clerk replied, 'Mr. Porter said that if they (Kelley and Muriel) got up before he did, that he had a charge account with a cab company and he (the clerk) was to call a cab for them to go down to the house on 2624 Avenue E."

We frankly admit that this was hearsay evidence and should not have been admitted, but in view of all the facts and circumstances proven relative to appellant's trip to Houston to procure Muriel Shields, conveying her from Houston to Galveston in his automobile and telling her that she was to go to a house at 2624 Avenue E for the purpose of plying her vocation, brings

the testimony within the rule of harmless error. It is inconceivable how it could have, under all the facts, affected him prejudicially any more so than what was legitimately proven.

Believing that the case was properly disposed of on the original submission, the motion for rehearing is overruled.