JAMES AUBRY MONROE V. THE STATE.

No. 21776. Delivered January 7, 1942.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Pandering is the offense; the punishment, ten years' confinement in the State penitentiary.

The phase of the pandering statute (Art. 519, P. C.) under which this prosecution was maintained reads as follows:

"Any person who shall procure or attempt to procure or be concerned in procuring with or without her consent a female inmate for a house of prostitution, — — — —

shall be confined in the penitentiary for any term of years not less than five."

The indictment relied upon to charge an offense thereunder, in its pertinent provisions, reads as follows: "that James Aubry Monroe, Bernice Alexander and E. B. (Alex) Alexander, acting together on or about the 10th day of August, A. D. One Thousand Nine Hundred and Forty in Nueces County, Texas, did then and there unlawfully by means of threats, force and fraud procure and attempt to procure, and was concerned in procuring one Viola Wilson Monroe, a female, without her consent, as an inmate of and for a house of prostitution in the County and State aforesaid, the same then and there being a house then and there kept for prostitution and where prostitutes were then and there permitted to and did resort and reside for the purpose of plying their vocation against the peace and dignity of the state."

Appellant, by motion to quash, challenged the sufficiency of the indictment and claimed that it was vague, indefinite and

failed to apprise him of the nature of the accusation against him. It is insisted that, to properly charge the offense of pandering under the phase of the statute above set forth, the indictment must contain averments showing the acts or omissions on the part of the accused relied upon, to show that he did procure the female to become an inmate of a house of prostitution, and that the use of the words "by means of threats, force and fraud" does not accomplish that purpose and does not render definite the acts relied upon. In support of his contention, appellant cites, among other cases, the following: Kennedy v. State, 216 S. W. 1086; 86 Tex. Cr. R. 450; Hammonds v. State, 272 S. W. 791, 100 Tex. Cr. R. 237; Pendergraft v. State, 296 S. W. 885, 107 Tex. Cr. R. 326; Kelley v. State, 296 S. W. 531, 107 Tex. Cr. R. 254. These authorities announce the controlling rule to be that, in prosecutions under the phase of the pandering statute here presented, an indictment which merely follows the language of the statute is not sufficient; and that, in order to be sufficient to meet the requirement of definiteness, the indictment must aver not only the acts or omissions on the part of the accused showing that he did in fact procure the female to become an inmate of a house of prostitution, but how the same was accomplished.

In Kennedy's case, the prosecution was under the same phase of the pandering statute as that presented in the instant case. There the indictment merely followed the language of the statute, with no additional averments showing the acts or omissions on the part of the accused. In holding such indictment insufficient, this court, speaking through Judge Morrow, said:

"The accused is entitled to a statement of the facts relied upon, and if these are not contained in the statute denouncing the offense, they must be supplemented by the pleader drawing the indictment. The statement of a legal conclusion or result will not suffice. — — — — — — —
— — — — — — —.
"There are numerous acts which might result in procuring a female inmate for a house of ill fame. They might be acts amounting to fraud, force, or persuasion."

In Kelley's case, the holding in the Kennedy case, supra, was reaffirmed, and that part of the indictment merely charging that the accused did procure a female to become an inmate of a house of prostitution was held to be insufficient. However, a

part of the indictment; which charged, under a phase of the pandering statute not contained in the indictment in the instant case, that the accused, by fraud and duress of the person and goods of the female, caused her to remain an inmate of a house of prostitution, was held sufficient. Such conclusion was based upon the following language:

"The second phase of the indictment, containing these words, 'did then and there, by fraud and duress of the person and goods of said Cora Lynn, cause her to remain an inmate therein,' is more specific. The word 'fraud' is indefinite, but the 'duress of the person and goods of the said Cora Lynn' are deemed sufficiently specific to comply with the law requiring a degree of certainty in charging the offense. Duress signifies compulsion, constraint, imprisonment, or pressure."

The holding announced in the cases mentioned has not been subsequently overruled or modified.

The question presented for determination here, then, is whether the use of the additional words, "by means of threats, force and fraud," in the indictment, in the instant case, render it sufficiently definite and specific to allege the acts on the part of appellant showing that he procured the female to become an inmate of a house of prostitution and the mode, manner and method by which that end was accomplished. As to whether or not the use of the word "fraud" in the instant case fulfills the requirements of definiteness, it appears that the Kelly case, supra, is direct authority for the contrary view, because it was there held to be indefinite. The construction to be given the use of that word in the indictment in that case was a matter directly involved therein. Consequently, the use of the word "fraud" in the indictment in the instant case adds nothing to its validity. The words "force" and "threats" are not more specific or definite than is the word "fraud." The inescapable conclusion, then, is that the indictment in this case is fatally defective; and the Kelley case, supra, is direct authority for that view.

The judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.