DONALD L. MANN v. THE STATE.

No. 23762. Delivered November 5, 1947.
Rehearing Denied December 10, 1947.

*H. H. Shelton* and *Wright Stubbs,* both of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of one hundred dollars and three months in jail, by a jury in Travis County, upon a charge of procuring.

Only one person testified to the facts upon which conviction was had. She said she lived in Philadelphia and had been in Texas for some time, "working" in various hotels. As she was evicted from one hotel, in the City of Austin, the appellant asked her to "work" for him. He secured a hotel room and instructed her where to go and the charge to make. He went with her to a particular room at another hotel in which two men were registered. Another young woman accompanied them. His purpose in doing so was to have her meet a man with whom she was to have sexual intercourse for pay. He had instructed her to ask $10.00, but to take $5.00. All of the money which she was to get was to be brought to him. During the three or four days in which she was engaged in this undertaking she collected $35.00 and gave him some $25.00 to $27.00 of the money. He paid for her room and her meals.

There are no bills of exception in the record and no contention that the evidence is insufficient other than that it becomes so because, as appellant contends, the witness was an acccomlice and her testimony was not corroborated. This we find to be the state of the record and the only question presented is whether or not it is necessary under the law, to support a conviction, that her testimony be corroborated.

We have two lines of decisions in the State on this subject, as noted in the case of Porter v. State, 148 S. W. (2d) 202. We think the opinion in that case sufficiently discusses these cases and overrules those in conflict with it. The Porter opinion decides the case now before us contrary to appellant's contention. He made the approach and in doing so committed the of-

fense. Denman v. State, 178 S. W. 332. What took place thereafter was immaterial.

The judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

We remain of the opinion that under the facts here presented, the female was not an accomplice and that the jury was authorized to convict, upon her testimony alone. Denman v. State, 77 Tex. Cr. R. 395, 179 S. W. 120.

Accordingly, the motion for rehearing is overruled.

Opinion approved by the Court.