## DELMER WILLIAM WYATT V. STATE

No. 31,902. May 18, 1960

500

*Jack Hazlewood,* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is pandering; the punishment, 2 years.

The testimony of the prostitute on cross-examination, and especially that portion thereof where she refused to deny that, prior to her conversation with appellant at the hotel where they both worked about going to Hereford to engage in prostitution (upon which this prosecution is based) she had gone to a motel in Odessa, registered in the name of the boy with whom she had lived in Wisconsin, and at that time made up her mind to try to get appellant to help her ply the trade of prostitution, raised the issue as to whether or not she was an accomplice. In Threlkeld v. State, 165 Tex. Cr. Rep. 93, 304 S.W. 2d 123, we declined to pass upon the necessity of charging on the question of the girl being an accomplice witness because no charge was requested. In the case at bar, we find a strenuous objection to the failure of the court to charge on the question.

Since the question was raised, it was reversible error to fail to charge on the matter. Porter v. State, 141 Tex. Cr. Rep. 417, 148 S.W. 2d 202, and cases there cited.

We further call attention to the fact that the gist of the offense denounced by Article 519, V.A.P.C., as amended, is to induce a woman to enter the practice of prostitution, while it was shown through the state's witness Bland that the woman named in the indictment told her that prior to coming to Hereford she had been a prostitute for a time at Big Spring.

For the error in the charge, this cause is reversed and remanded.