**Henry Charles LANGER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45503.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Rehearing Denied Feb. 21, 1973.

Will Gray, Houston (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Vic Pecorino, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of pandering. Punishment was enhanced under Art. 63, Vernon's Ann.P.C., and appellant received a life sentence.

The sufficiency of the evidence is challenged.

The 14-year-old prosecutrix, S———— W————, testified that as of January 22, 1971, she had been living with appellant for about a week, appellant being a second cousin of hers. She stated that on that morning, appellant asked her if she needed a job. She answered, "Yes. Doing what?" Appellant responded, "Turning tricks."

The prosecutrix testified that she then asked appellant what he meant by this, and he explained, "selling [her] body." She then testified that there was no further discussion about this matter on that day. The prosecutrix further stated that later that day appellant drove her and Theresa Thorne (allegedly appellant's wife) to an Orange Julius in Houston. Appellant left the two women there. Subsequently, a man named "Ed" arrived, and S———— W———— was introduced to him. "Ed" drove S———— W———— and Theresa Thorne to a motel, and the three entered a room. Theresa went into the bathroom, where she remained throughout the incident. The prosecutrix stated that Ed then "ate" her, after which occurrence, they dressed and all three of them left. She stated that Ed gave her $50, then the three persons drove to a trailer where appellant was waiting. Appellant asked S———— W———— if she got the money, she answered affirmatively, and handed the money over to appellant.

Theresa Thorne corroborated the prosecutrix' recitation as to the events occurring on January 22, 1971. She further testified that on that same day, she heard appellant asked S———— W———— if "she . . . want[ed] to turn dates." Theresa

Thorne, an admitted prostitute herself, stated that this same "Ed", who was at the motel, was her first trick, and that she went along with appellant and S———— W———— "to show her the ropes." For her efforts she received $20.00 from "Ed" which was also turned over to appellant.

Appellant's only defense witnesses were several persons who testified to the fact that the prosecutrix had a bad reputation for truth and veracity in the community in which she lived.

Though appellant raises three grounds of error, they all challenge the sufficiency of the evidence. The only substantive issue before this Court concerns the question of whether the State proved up the violation alleged; that is, pandering.[1] It is appellant's contention that if any offense was shown, it was the misdemeanor offense of procuring.[2] Appellant relies upon the case of Guyton v. State, 365 S.W.2d 6 (Tex.Cr.App.1963). There, we found the evidence insufficient to sustain the conviction for pandering. In distinguishing the offenses of pandering and procuring, we noted:

"   .   .   . that the offense of 'procuring,' in simple language, means that whoever shall procure any female for the

---

1. Art. 519, V.A.P.C. states:

"Any person *who shall procure or attempt to procure or be concerned in procuring* with or without her consent a female for prostitution, or who by promises, threats, violence or by any device or scheme shall cause, induce, persuade or encourage a female to engage in prostitution; or shall by fraud or artifice, or by duress of person or goods, or by abuse of *any position of confidence or authority*, procure any female person to become or remain a prostitute, or to come into or leave this state for the purpose of prostitution, or who shall procure any female person to engage in prostitution within this state, or to come into or leave this state for the purpose of prostitution, or who shall give or agree to receive or give any money or thing of value for procuring or attempting to procure any female person to engage in prostitution within this state, or to come into this state or leave this state, for the purpose of prostitution, shall be confined in the peni-

tentiary for any term of years not less than two. As amended Acts 1959, 56th Leg., p. 696, ch. 318, § 1." (Emphasis Added)

2. Art. 525, V.A.P.C. states:

"Whoever shall invite, solicit, procure, allure or use any means in alluring or procuring any female *to visit and be at* any particular house, room or place for the purpose of meeting and having unlawful sexual intercourse with any male person, or to take part or in any way participate in any immoral conduct with men or women, or to use at such place any intoxicating liquor; or give to any person the name and address, or either, or photograph of any female for the purpose of enabling the person to whom the same is given to meet and have unlawful sexual intercourse or to bring about or procure such intercourse with such female shall be fined not less than fifty nor more than two hundred dollars and be confined in jail not less than one nor more than six months."

**928**

purpose of meeting and having unlawful sexual intercourse with any male person, etc., shall be fined, etc. It is to be noted that the 'procuring' statute does not mention the word 'prostitution.' The 'pandering' statute penalizes those offenders who use various means to procure women to engage in prostitution or to become or remain a prostitute. Wyatt v. State, 169 Tex.Cr.App. 499, 335 S.W. 2d 386, 387.

"Our construction of the above statutes is that the procurement of a female to be at a certain place for a single or isolated act of unlawful sexual intercourse constitutes the misdemeanor offense of procuring, punishable under Art. 525, Vernon's Ann.P.C., while procurement of a female to take up the practice or profession of prostitution or to become or remain a common prostitute, without regard to where she is to ply her trade, constitutes the felony offense of pandering, under Art. 519, Vernon's Ann. P.C.

"It is evident that the state failed to show that appellant procured a female to engage in prostitution. The facts show that she was already engaged in prostitution, was a prostitute, and needed no one to urge her to enter the business or to remain a prostitute. We do not think that the evidence is sufficient to sustain the jury's verdict."

Our holding in Guyton will not conflict with today's ruling. The present case presents a situation where a young girl who had been living with appellant for about a week was asked if she would like to "turn tricks" for him. There was no evidence that she had ever previously engaged in prostitution. When questioned about the arrangement, the prosecutrix explained:

"Q Did this Defendant tell you that you were going to turn a trick?

"A No, sir. He didn't just tell me.

"Q How did he say it?

"A He just kept asking.

"Q Asking what?

"A If I would turn tricks for him."

■ Admittedly, the fact that evidence of only one event was presented appears to make the issue here a close one. However, as we noted above when we quoted from Guyton, the basic purpose of the pandering statute is to penalize those offenders who use various means to induce women to enter the practice of prostitution. See Wyatt v. State, 169 Tex.Cr.R. 499, 335 S. W.2d 386 (Tex.Crim.App.1960).

■ The evidence is sufficient to support a finding that appellant had arranged for the prosecutrix to work for him and become a prostitute. The fact that only one illicit relationship had taken place as of the time of arrest is of no consequence. If two or two hundred such transactions had taken place, the result would be the same.

The judgment is affirmed.