L. D. MORRISON, CHIEF OF POLICE, CITY
OF HOUSTON, V. SAMMY HABEEB.

No. A-3604. Decided October 1, 1952.
Rehearing overruled November 19, 1952.
(252 S. W., 2d Series, 148.)

*Will Sears,* City Attorney, and *Mayo J. Thompson,* Assistant
City Attorney, both of Houston, for petitioner.

The Court of Civil Appeals erred in holding that dice as
assembled in trays in various combinations of crooked and
straight dice did not constitute a gambling device per se. Said
Court also erred in not holding that under Article 634 P.C.,
which prohibits their recovery in a lawsuit, they constituted
a gaming devise, whether exhibited for that purpose or not, and
were not subject to recovery ofter coming into petitioner's pos-
session. Board of Police Commissioners v. Wagner, 93 Md.
182, 48 Atl. 445; Gulf, C. & S. F. Ry. Co. v. Johnson, 71 Texas
619, 9 S.W. 602; Hightower v. State, 156 S.W. 2d 327.

*Henry J. Lamb* and *A. H. Krichamer,* both of Houston, for
respondents.

The lower courts properly found that the subject property was not a gaming device per se. Callison v. State, 146 S.W. 2d 468; Reese v. State, 140 Texas Crim. Rep. 101, 143 S.W. 2d 395.

MR. JUSTICE WILSON delivered the opinion of the Court.

The parties will be identified as in the trial court. The plaintiff reported the theft of his car to the City of Houston police. They recovered the car, searched it, and found in the trunk a leather case containing 508 pair of dice. The city refused to return the case of dice along with the car on the ground that it constituted "gaming paraphernalia." Plaintiff brought this suit against the Chief of Police to recover possession of the leather case and the dice. The defendant resists on the grounds that Art. 634,[1] Tex. Pen. Code, denies plaintiff the use of the courts for the purpose of recovering gambling paraphernalia. The trial court, without a jury, rendered a judgment in favor of plaintiff, which has been affirmed by the Court of Civil Appeals, 246 S. W. 2d. 217.

The sole question presented to this court is whether the subject matter of this suit constitutes gaming paraphernalia.

The leather case containing the dice is divided into five trays with each tray partitioned into compartments. Each compartment holds one pair of dice. The dice are so arranged in the tray that each "straight" or regular pair has companion sets closely resembling it except that the companion sets are crooked. Some of the crooked dice are designed or shaped in such a way that when cast or rolled they will turn up a greater percentage of sevens. Others will never come to rest with an odd number up. Some of the pairs do not have a complete set of numbers. Thus one tray contained the following: 20 pair of what, in police lingo, are called "carrier" or "flat tops" meaning "six-ace" dice; one pair of four-three-two dice; six pair of six-three-two dice; 30 pair of five-four-one dice; 19 pair of five-three-one dice; one miscellaneous pair; and 29 pair of square dice. Still others have different peculiarities. The dice were so arranged that if plaintiff attended a dice game he could determine the color, size, and the marking of the dice being

[1] "The *existence* of any gambling house or gaming table or bank or gaming paraphernalia or *device* of whatever kind or character, and all equipments of such gambling house, is hereby declared to be against public policy and a public nuisance. No suit shall be brought in any court of this State for the recovery of same or for any insurance thereon, or for damages by reason of any injury to, or for the destruction of same." (Emphasis added).

used and then get from his leather case a pair of identical appearing dice which were crooked. Or if he himself could introduce a "straight" pair of his dice into a game he could then substitute a crooked pair. An examination of the dice shows that while there are some new pairs, most of the dice have been used. One set of the crooked dice is stamped "American Legion" on one side and "Post 121" on the other. Obviously this is intended for deception. One witness testified that he had seen plaintiff gambling with dice at American Legion stag parties. Some of the dice had stamped on them the words "Top Hat".

The leather case also contained a used emory board and polishing cloth. Plaintiff testified he used these to "square" dice and to manufacture "six-ace flats" which are dice with increased chances of stopping on seven.

In Conklin v. State, 144 Texas Crim. Rep. 343, 162 S.W. 2d 973, our Court of Criminal Appeals said: "It would serve no useful purpose to here attempt to set forth the various definitions or meanings that could or might be given the word 'device'. It is sufficient to say that it has no fixed, definite, or certain meaning or application * * *."

The subject matter of this suit must be viewed as a unit to determine whether it is gambling paraphernalia. So considered there can be but one answer. Constructed as it is and with the dice arranged as they are, there can be but one use to which the case can be put.[2] The record suggests no purpose to which such a leather case containing numerous pair of matched dice, conveniently arranged for speedy use, might be put other than that of cheating in a game. It is inconceivable that plaintiff would go to such elaborate lengths to cheat in a game which was not a gambling game. He offered no testimony showing any previous legitimate use of such an elaborate cheating device. Neither was there testimony disclosing just how plaintiff plans to use it in the event he recovers it. He testified that the collection was "a hobby".

It might be contended that paraphernalia designed to cheat

---

[2] Plaintiff Habeeb testified:

"Q. Its also your testimony that most of the dice in this case are crooked?
A. Yes, sir.
Q. The only purpose in having these dice in your possession or in anyone's possession would be to improve his chances in a game?
A. I imagine so, if he had enough guts to use them."

at craps takes the chance out of the game by making the outcome certain and for that reason is not gambling paraphernalia. To so hold would be to place it on a higher plane in the eyes of the law than a straight or honest gambling device. It would take an utter disregard of Art. 634 to allow an action to be maintained for the recovery of crooked gambling paraphernalia.

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment is here rendered that plaintiff take nothing. Costs are taxed against plaintiff (respondent).

Opinion delivered October 1, 1952.

Rehearing overruled Nov. 19, 1952.